IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FURMAN THOMAS** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 23-CV-1200** |
| | : | |
| **BUCKS COUNTY** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA QUIÑONES ALEJANDRO, J.                                                                                          MAY 16, 2023

Furman Thomas, an inmate currently housed at SCI Dallas, brings this action pursuant to 42 U.S.C. § 1983 with respect to the conditions of his confinement in August of 2018 at the Bucks County Jail. (*See* ECF No. 1.) Thomas also seeks leave to proceed *in forma pauperis*. (ECF No. 5.) For the reasons set forth, Thomas motion for leave to proceed *in forma pauperis* is granted, and his Complaint is dismissed with prejudice.

**I.      FACTUAL ALLEGATIONS**[1]

Thomas' allegations are brief. In his Complaint, Thomas alleges that on August 18, 2018, "while locked up in Bucks County, they housed 3 in a cell, which is unhumane [sic]." (Compl. at 5.) He further claims that one of the persons in the cell "had to sleep by the restroom (toilet) on a fold out bed without a mattress." (*Id*. (parenthetical in original).) The only named Defendant is Bucks County.[2] Thomas seeks an unspecified amount of money damages from a settlement he "didn't receive." (*Id*.)

---

[1] The facts set forth in this Memorandum are taken from Thomas' Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Thomas wrote "Bucks County Jail" on the list of Defendants despite only listing Bucks County in the caption. (Compl. at 1-2.) A jail is not a "person" under § 1983. *See Edwards v. Northampton*

II.     **STANDARD OF REVIEW**

The Court grants Thomas leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Thomas is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). A court may dismiss a complaint based on an affirmative defense when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

III.    **DISCUSSION**

Thomas asserts a claim for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. (Compl. at 1, 3.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

---

*Cnty.*, 663 F. App' x 132, 136 (3d Cir. 2016). The Court liberally construes the Complaint to name Bucks County as the only Defendant.

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As a threshold matter, this Court must consider whether a claim under 42 U.S.C. § 1983 is timely.

The timeliness of a § 1983 claim is governed by the statute of limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Pennsylvania's two-year statute of limitations applicable to personal injury action thus applies. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). A claim accrues under the relevant federal civil rights laws "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). This generally means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

Thomas' unconstitutional conditions of confinement claim is time-barred. Based on his brief allegations, Thomas knew or should have known of the basis for his conditions claim on August 18, 2018 — the date he alleges he was placed in the cell with the conditions he describes as "unhumane." (Compl. at 5.) Thomas' claim thus accrued at that time. Thomas, however, did not file his Complaint until March 28, 2023, nearly five years after his claim accrued. As such, it is clear from the face of the Complaint that Thomas filed his claim beyond the two-year statute of limitations, rendering it untimely.[3] *See Wisniewski*, 857 F.3d at 157 ("A complaint is subject to

---

[3] Although the statute of limitations is tolled while a prisoner exhausts administrative remedies, *see Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015), it is difficult to see how this principle applies to a complaint about conditions that Thomas claims to have experienced five years ago in a different institution than where he is currently incarcerated. Thomas fails to articulate any facts that would support tolling and affirmatively states that his grievance was denied. (Compl. at 7-8.)

dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").

In Pennsylvania, however the discovery rule may operate to delay the running of the statute of limitations in certain circumstances. *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2004). "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou*, 195 A.3d at 893 (citations omitted). However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858). Whether Pennsylvania's discovery rule applies in a given case is a question of fact. *Id.* at 894; *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). As such, it is properly a question for the jury unless no reasonable juror could find otherwise. *Fine*, 870 A.2d at 858-59.

Here, no reasonable juror could find that Thomas' claim is timely. The allegedly unconstitutional overcrowding conditions and sleeping on a fold out bed without a mattress near a toilet, would have been immediately apparent to Thomas at the time these conditions occurred on August 18, 2018. One exercising reasonable diligence would thus know that Thomas was injured, and by what cause, nearly five years before Thomas filed the instant action. For this reason,

Thomas' conditions of confinement claim is deemed untimely filed.[4] *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (*per curiam*) (affirming dismissal with prejudice due to expiration of statute of limitations).

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Thomas' Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since it is apparent that Thomas cannot cure the defects in his claims, the dismissal will be with prejudice.

An appropriate Order follows.

---

[4] Even if Thomas' claim was not time-barred, Thomas has not stated a plausible constitutional violation because he has not alleged that the alleged overcrowded conditions, *i.e.*, housing three inmates in a cell, amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See North v. White*, 152 F. App' x 111, 113 (3d Cir. 2005) (*per curiam*) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."); *Walker v. George W. Hill Corr.*, No. 18-2724, 2018 WL 3430678, at *3 (E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a Fourteenth Amendment claim with respect to allegations of overcrowding).

In addition, any facts alleged by Thomas about the handling of his grievance at Bucks County Jail fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process, [a prisoner] cannot maintain a constitutional claim . . . . based upon his perception that [the defendant] ignored and/or failed to properly investigate his grievances." (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991))).

Finally, to plead a plausible claim against Bucks County under § 1983, Thomas must allege that a Bucks County policy or custom caused the violation of his constitutional rights. *See Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thomas has failed to identify a specific policy or custom of Bucks County that caused a violation of his constitutional rights during his incarceration at Bucks County Jail in August of 2018. Accordingly, any municipal liability claim against Bucks County necessarily fails. Because as described *supra,* Thomas' claims are barred by the statute of limitations, "amendment [of any claim against Bucks County] would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).